**KROLL v. McGRATH, U. S. Atty. Gen.**

No. 3954–49.

United States District Court
District of Columbia.

April 4, 1950.

Charles E. Campbell, New York City, Malcolm Rich, New York City, Harry F. Riley, Washington, D. C., James W. Dent, Washington, D. C., for plaintiff.

Walter T. Nolte, Washington, D. C., Ira B. Kirkland, Washington, D. C., for defendant.

MATTHEWS, District Judge.

This is an action under Section 9(a) [1] of the Trading with the Enemy Act to recover U. S. Letters Patent No. 1,986,585 seized by the Alien Property Custodian. The (defendant) Attorney General filed a Motion to dismiss or for summary judgment. The ground of the Motion is that the action is barred because not instituted within the time specified in Section 33 of the Act.[2]

1. 50 U.S.C.A. War, Appendix, § 9(a).

2. 50 U.S.C.A. War Appendix, § 33, as amended.

The letters patent, granted in 1935, relate to nickel alloys and methods of producing them. The letters patent were assigned to Siemens & Halske, a corporation of Germany. On September 17, 1942 the letters patent were vested by the Alien Property Custodian as the property of Siemens & Halske under vesting order No. 152. The (inventor) plaintiff arrived in the United States about January 1940, having fled Luxemburg to escape the Nazi invasion and now resides in Albany, Oregon. In 1947 he filed with the office of Alien Property notice of claim [3] for return of property and in that connection submitted a copy of a contract dated December 23, 1930 between him and the aforesaid German Corporation as evidencing his rights in and to the patent. Prior to that time the United States Government had not known of the contract. The contract relates to a specified field of plaintiff's inventions, and provides for assignment of patents to the German Corporation to exploit by granting licenses, the inventor to share in the license fees and the contract to run for 13 years unless sooner terminated as therein provided. On February 9, 1948 (soon after learning of the contract) defendant under vesting order No. 10658 vested "all interests and rights * * * created in Siemens and Halske" by virtue of the contract dated December 23, 1930.

The pertinent provisions of Section 33 [4] of the Trading with the Enemy Act provide that no suit pursuant to Section 9 of the Act may be instituted after April 30, 1949, or after the expiration of two years from the date of the vesting of the property "whichever is later." The instant action was filed September 20, 1949, which was after April 30, 1949, and more than two years after vesting order No. 152 of September 17, 1942. The plaintiff, however, claims that this action was filed in time, that is, within two years from vesting order No. 10658 of February 9, 1948.

The important question to determine is: Does the two year limitation on the institution of the action run from the time of vesting order No. 152 when the patent was seized or from the time of vesting order No. 10658 when the rights of Siemens & Halske in the contract were seized? If the time runs from the date of the vesting of the patent the action is barred. On the other hand, if the time runs from the date of the vesting of the rights of Siemens & Halske in the contract the action would not be barred.

In determining this question it is important to consider what is the "property or interest in respect of which relief is sought." The Complaint reads: "This is an action for the recovery of United States Letters Patent No. 1,986,585." When seized by the Alien Property Custodian in 1942 the record title to the patent was in the German Corporation. Plaintiff's interest in the patent at that time appears to be an equitable one. Walker on Patents says on page 1434, section 354: "An equitable title accrues to an inventor when a patent is granted to his assignee, in pursuance of an assignment, which was accompanied by a contract providing that the assignee should pay to the inventor all or some portion of the proceeds of the patent."

Obviously what plaintiff is attempting to recover by this action is the legal title which was vested in the defendant in September 1942. No property or interest of the plaintiff was vested under the 1948 vesting order as by its terms that order was limited to the rights and interests of Siemens & Halske under the 1930 agreement.

Since the instant action was not filed within two years after the 1942 order vesting the patent nor on or before April 30, 1949, it is barred under section 33 of the Trading with the Enemy Act and this Court is without jurisdiction to entertain the action.

The defendant's Motion for summary judgment will be granted.

---

3. This claim was timely filed, and is still pending.

4. 50 U.S.C.A. War, Appendix, § 33, as amended.